UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BENJAMIN HINSON WARD,
    Plaintiff,

vs.                                                    Case No.:  3:20cv5776/LAC/EMT

OKALOOSA COUNTY COURT
SYSTEM, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, a pretrial detainee proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF Nos. 1, 4).  The court is statutorily required to review Plaintiff's complaint to determine whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  Upon review of Plaintiff's complaint, it is apparent Plaintiff has failed to state a viable claim for relief against the Defendants.  It likewise is clear Plaintiff cannot cure the deficiencies by filing an amended complaint.  *See Silva v. Bieluch*, 351 F.3d 1045, 1048–49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more

carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the case be dismissed for failure to state a claim upon which relief can be granted.

I. BACKGROUND

Plaintiff's complaint is based on his arrest for aggravated stalking by violating an injunction issued against him. Plaintiff says he was in Texas at the time of the alleged stalking and denies having violated the injunction. He also complains that he was arrested in Texas and suggests the arrest was improper, asserting the injunction was issued by a Florida court and can only be enforced against him in the state of Florida. Plaintiff also complains about the length of his pre-trial confinement. As relief, Plaintiff seeks compensation in the amount of $1,000.00 per day for each day he has been confined. For the reasons set forth below, Plaintiffs claims fail as a matter of law and are due to be dismissed.

II. DISCUSSION

A. Standard of Review

To survive dismissal at the screening phase, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks and citation

omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Mere "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do," and a plaintiff cannot rely on "naked assertions devoid of further factual enhancement." *Id.* (internal marks and alteration omitted); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). In other words,

> [p]leadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

The court reads a pro se plaintiff's pleadings in a liberal fashion and holds them to a less stringent standard than pleadings drafted by attorneys. *See Harris v. Goderick*, 608 F. App'x 760, 761 (11th Cir. 2015). Nevertheless, in civil rights cases, "[m]ore than mere conclusory notice pleading is required . . . . A complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory." *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (internal marks and alteration omitted); *see also Beaudett v. City of Hampton*, 775 F.2d 1274,

1278 (4th Cir. 1985) (holding that "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits" and courts are not required "to conjure up questions never squarely presented to them").

### B. Plaintiff's Claims

A viable § 1983 claim requires that the named defendant be an entity subject to suit. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). The capacity of a party to be sued is determined by the law of the state in which the district court sits. *Id.* at 1214–15. Here, Plaintiff has named as Defendants the Okaloosa County Court System and the Okaloosa County Sheriff's Department, neither of which is subject to this suit.

There is no such legal entity as the Okaloosa County Court System. Even if there was, a court is not "person" subject to suit under § 1983. *See, e.g., Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64–71 (1989); *Rolle v. Raysor*, No. 407cv285, 2007 WL 2698316, at *2 (N.D. Fla. Sept. 12, 2007); *Moity v. La. State Bar Ass'n*, 414 F. Supp. 180, 182 (D.C. La. 1976) (holding that the Supreme Court of Louisiana was not a legal entity subject to suit under § 1983), *aff'd*, 537 F.2d 1141 (5th Cir. 1976). And "Florida law has not established sheriff's offices as separate legal entities with the capacity to be sued." *Faulkner v. Monroe Cty. Sheriff's Dep't*, 523 F. App'x 696, 701–02 (11th Cir. 2013) (citing *Fla. City Police Dep't v.*

*Corcoran*, 661 So. 2d 409, 410 (Fla. 3d DCA 1995), for the proposition that the municipality, not the police department, had the power to sue and be sued under Florida law); *Dean*, 951 F.2d at 1214 (dismissing as a defendant to a § 1983 suit a county sheriff's department in Alabama); *Heckman v. Hall*, No. 3:07cv268/MCR/MD, 2007 WL 2175919, at *3 (N.D. Fla. Jul. 25, 2007) (holding that neither sheriff's office nor county jail was a proper party because neither was a legal entity subject to suit), *report and recommendation adopted*, 2007 WL 2428487 (N.D. Fla. 2007); *Eddy v. City of Miami*, 715 F. Supp. 1553, 1556 (S.D. Fla. 1999) (indicating that department which is integral part of local government's policing function is not an entity subject to suit under § 1983).

Moreover, to the extent the underlying criminal matter is still pending, this court cannot intervene. Indeed, federal courts cannot intervene in ongoing criminal proceedings except in the most extraordinary circumstances and upon a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37 (1971); *see also Hicks v. Miranda*, 422 U.S. 332, 349 (1975); *Luckey v. Miller*, 976 F.2d 673 (11th Cir. 1992). *Younger* abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional challenges. *See id.*; *see also 31 Foster Children v. Bush*, 329 F.3d

1255, 1274 (11th Cir. 2003).  An adequate opportunity to raise constitutional challenges exists if "state procedural law does not clearly bar the interposition of the constitutional claims." *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1262 (11th Cir. 1997) (internal marks omitted).  Here, it appears the state proceeding is ongoing; in the event it is, Plaintiff's claims are barred by *Younger* because Plaintiff has alleged no procedural bar to interposition of his claims in the state court proceedings.

In the event the underlying criminal proceeding has concluded, Plaintiff's damages claims are barred by *Heck v. Humphrey*, in which the Supreme Court held that before a plaintiff may proceed with a § 1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove that the conviction or sentence has been somehow invalidated.  512 U.S. 477, 486–87 (1994).  If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.  Plaintiff alleges he was wrongfully arrested and confined.  Any judgment in his favor necessarily would imply the invalidity of his conviction and/or sentence. *Id.*

The thrust of Plaintiff's complaint is a challenge to his confinement—both the fact and length thereof. Plaintiff claims therefore are essentially in the nature of habeas corpus.

Finally, Plaintiff is not entitled to the relief he seeks. According to the Prison Litigation Reform Act (PLRA), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by Plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition.

It is evident from the face of Plaintiff's complaint that he was an inmate at the time he filed this action and that the alleged harm for which he seeks recompense is the "unnecessary suffering" he has endured during his incarceration (ECF No. 1 at 7).[1] Based on the facts alleged, Plaintiff has not demonstrated he suffered any injury, much less more than *de minimis* injury, as a result of Defendants' alleged acts or

---

[1] More specifically, Plaintiff seeks compensation for each day of his incarceration since his arrest, at the rate of $1,000 per day (ECF No. 1 at 7).

Case No.: 3:20cv5776/LAC/EMT

omissions. Accordingly, Plaintiff is prohibited under the PLRA from recovering the compensatory damages he seeks.

### III.  CONCLUSION

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Central State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)). Here, it is evident Plaintiff has wholly failed to allege facts showing he is entitled to relief on his claims. It also is apparent Plaintiff cannot cure the deficiencies by amendment. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully **RECOMMENDED**:

Case No.: 3:20cv5776/LAC/EMT

1.  That this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

2.  That the Clerk of Court be directed to enter judgment accordingly and close the file.

At Pensacola, Florida this 26th day of April 2021.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**